UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>MOUNT MARTY UNIVERSITY,<br><br>Defendant. | 4:22-cv- 4015<br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

For his Complaint against the Defendant, the Plaintiff states as follows:

**NATURE OF THE ACTION**

1. This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, (the "ADA") and Title I of the Civil Rights Act of 1990, to provide appropriate relief to Plaintiff, Daniel Smith (hereinafter "Plaintiff" or "Mr. Smith"), a qualified individual with a disability, who was adversely affected by unlawful practices on the basis of his disability. This action is also brought pursuant to the Rehabilitation Act of 1973. Mr. Smith alleges that Defendant, Mount Marty University, (hereinafter "Defendant") violated the ADA and the Rehabilitation Act by terminating him from an educational program by refusing to accommodate him in light of his disability, when the accommodations had already been approved, and by retaliating against him for engaging in protected activity. Mr. Smith further seeks a judgment against Defendant under South Dakota state law declaring that Defendant breached its contract with Plaintiff.

2. Based upon these causes of action, Mr. Smith seeks damages for the costs associated with the Nurse Anesthesia Program, as well as prejudgment interest. Plaintiff is also

entitled to be awarded money damages for the harassment, anxiety and emotional distress he experienced, as a result of the discrimination and retaliation against him because of his disability.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b)(3). This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA") and 42 U.S.C. § 12117(a), and the Rehabilitation Act of 1973, 29 U.S.C. § 701.

4. Venue in this Court is appropriate as the various acts complained of occurred within the Southern Division of the District of South Dakota, and more specifically within the County of Minnehaha, South Dakota. 28 U.S.C. § 1391(b).

5. Jurisdiction for the request for attorney's fees and costs is conferred by 42 U.S.C. § 12205.

## PARTIES

6. Mr. Smith is a resident of Sioux Falls, South Dakota.

7. Defendant is a university in the State of South Dakota.

8. At all relevant times, Defendant has continuously been doing business in Minnehaha County, South Dakota and has continuously had at least fifteen (15) employees.

9. At all relevant times, Defendant has continuously been and is now the provider of an approved program for the preparation of a registered nurse anesthetist as described in SDCL ch. 36-9.

10. At all relevant times, Defendant has been a covered entity under the ADA and Rehabilitation Act.

## FACTS

11. In order to be employed and practice as a nurse anesthetist, a registered nurse must complete an approved program for the preparation of registered nurse anesthetist and pass the examination prescribed by the South Dakota Board of Nursing. SDCL 36-9-30.1. The application for a license for a certified nurse anesthetist must comply with ARSD 20:48; 05:01. Plaintiff enrolled in an approved program at Mount Marty University in the Fall of 2019.

12. Plaintiff has attention deficit disorder (ADHD). Students receiving more than one C in a course in a semester are subject to dismissal from the program. Mr. Smith was dismissed for that reason. Because of his ADHD, he had been granted three accommodations: time-and-a-half for tests and quizzes; private location for test-taking; and use of his notes during tests. Most tests were scheduled for two hours.

13. Mr. Smith was subjected to a continuing course of conduct extending from September of 2019 to April 20, 2020. Dr. Larry L. Dahlen's practice of ignoring Mr. Smith's accepted disability accommodations was a continuing one, not subject to division into discrete incidents.

14. Attached as Exhibit A is the list of accommodations approved by the university on January 16, 2020. An identical form had been approved for the Fall 2019 semester. At no time, during the various grievance and grade appeal procedures, in 2020, did the Mount Marty administration deny that these accommodations had been approved for 2019-2020.

15. During the Fall 2019 semester, Dr. Dahlen exhibited a continuing pattern of hostility and failure to accommodate. On September 30, 2019, Dr. Dahlen told Mr. Smith that Mr. Smith could come to his office once per week with questions, but when Mr. Smith did so, he was denied assistance.

16. Mr. Smith asked Dr. Dahlen about a tutor on multiple occasions, and not receiving a response, arranged for a tutor himself on November 1, 2019. On several occasions, Mr. Smith asked Dr. Dahlen what he could do to improve test scores. The response each time was "keep chugging along." Other students received specific assistance.

17. On December 12, 2019, Mr. Smith met with Dr. Dahlen; he asked if there was extra credit work he could do to bring his grade up. The response was "No."

18. On January 6, 2020, Dr. Dahlen announced to the entire class that Plaintiff would not be returning to the program and the class would need to elect a new class representative.

19. On January 7, 2020, Plaintiff went to all of his professors, talked about his situation and new classes. Dr. Dahlen stated he could not help Plaintiff pass his course. All the other professors welcomed him back. Dr. Dahlen also told Plaintiff that he had announced to the class Plaintiff would not be returning.

20. On February 1, 2020, Plaintiff worked with four other students and received homework back from Dr. Dahlen. Plaintiff received a 10.5/11. Other group members received a 11/11 (100), even though their answers were the same.

21. On February 10, 2020, Plaintiff discussed the second test and Plaintiff's grade. Plaintiff pointed out there were not enough points left in the course for Plaintiff to pass, since Dr. Dahlen had removed 30 points from the first test and removed the 40-point neuro anatomy test. Plaintiff asked if Dr. Dahlen would be giving any more homework. Dr. Dahlen said "No!, he wouldn't be giving any more homework." Plaintiff asked to work out something to pass the class. Dr. Dahlen did not answer the question but danced around it and talked about tests.

22. On March 10, 2020, Plaintiff met with Dr. Dahlen about his grade, who stated Plaintiff does not have enough points in the class to pass. Plaintiff explained they had discussed

this multiple times since the first test when he removed points from the class. Then Dr. Dahlen gave points to those in the class that had an average of a greater than a 90, once he knew Plaintiff could not pass, making sure that others could pass the course, but not Plaintiff.

23. On March 20, 2020, Mr. Smith was allowed only an unfettered two hours on an Anatomy & Physiology test, instead of three hours. On March 24, 2020, Plaintiff was similarly allowed only two hours for the Heart Patho Test 1, instead of three hours. On March 30, 2020, Plaintiff was allowed only two unfettered hours, instead of three, on the Heart and Hypertension 2 Test. On April 6, 2020, Plaintiff was allowed two hours, instead of three, on the Respiratory Test 3. All of these tests were taken under Dr. Dahlen.

24. Plaintiff was dismissed from the registered nurse anesthetist program on April 30, 2020. Plaintiff then exhausted the grievance and grade appeal procedures, available at Mount Marty University.

25. The University's Disability Grievance Committee, due to the distracting pop-up interruptions in the April 20, 2020 pathophysiology test, stated that Daniel Smith would be allowed to retake the test. It ignored the fact that Dr. Dahlen would be the one grading the test, and he had already demonstrated a consistent hostility and antagonism toward Mr. Smith.

26. On October 16, 2020, Mr. Smith submitted his Complaint of Discrimination to the Equal Employment Opportunity Commission, which dismissed it for lack of jurisdiction. On November 30, 2020, Plaintiff filed his Complaint with the U.S. Department of Education, Office of Civil Rights ("OCR"). On November 5, 2021, the OCR dismissed his appeal.

**COUNT I: RETALIATION FOR PROTECTED ACTIVITY**

27. Plaintiff re-alleges Paragraphs 1 – 26. as though set out in full.

28. A request for an accommodation is a protected activity. Plaintiff engaged in this protected activity throughout the last months of his education with Defendant. When Plaintiff reminded Dr. Dahlen that he had been given accommodations regarding his testing abilities due to his disability, that was also a protected activity.

29. Plaintiff had a good faith belief that his requested accommodation was appropriate, confirmed by the approval of the accommodations. He was treated differently and terminated for seeking to continue his accommodation.

30. Defendant engaged in unlawful conduct by terminating Plaintiff when it refused to enforce reasonable accommodations for Plaintiff on the basis of his disability.

31. There was a causal connection between Plaintiff's protected activity and the Defendant's adverse action. Defendant's termination of Plaintiff was substantially motivated by and in retaliation for Plaintiff's requests to continue his reasonable accommodations. There was close temporal proximity between Plaintiff's protected activity and the termination of his education.

32. As a result of Defendant's conduct, Plaintiff was subjected to unlawful retaliation for having engaged in protected activity as set forth above. The reasons given for the termination were a pretext for the retaliation.

33. As a direct and proximate result of the adverse employment action by Defendant, because Plaintiff had engaged in the protected activity to seeking to continue his reasonable accommodation, Plaintiff has been damaged by his loss of costs invested in the program, and anxiety and emotional stress as described in paragraphs 59-61.

**COUNT II: DISCRIMINATION ON THE BASIS OF DISABILITY**

34. Plaintiff re-alleges paragraphs 1 – 33 as though set out in full.

35. Section 12189 of the Americans with Disabilities act of 1990 states:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

42 U.S.C. § 12189.

36. Postgraduate private schools are considered public accommodations. 42 U.S.C. 12181(7)(J). Defendant was a recipient of Federal financial assistance.

37. Plaintiff is a qualified individual with a disability who, with or without reasonable modifications to rules, policies, or practices meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by Defendant. 42 U.S.C. § 1231(2).

38. Mr. Smith must prove, that (1) he suffered conduct which was objectively severe or pervasive enough to alter his educational conditions and create an abusive educational environment; (2) he subjectively perceived the conduct as abusive; (3) there is a specific basis for imputing the conduct to an educator; and (4) the conduct occurred because of disability. Paragraphs 11-26 show that Plaintiff can prove these elements.

39. Mr. Smith's disability substantially limits one or more of the major life activities, which constitutes a "disability" under Section 3 of Title I of the ADA, 42 U.S.C § 12102.

40. Despite his disability, Plaintiff could perform the essential functions of a student in the Nurse Anesthesia Program with or without reasonable accommodation, thus rendering him a "qualified individual" within the meaning of Section 101(8) of Title I of the ADA, 42 U.S.C. § 12111(8).

41. Plaintiff was an individual with a disability within the meaning of the ADA; Plaintiff was otherwise qualified to perform the essential functions of his program, with or without reasonable accommodation; and Defendant treated Plaintiff differently than similarly situated non-disabled students and failed to allow Plaintiff to use the needed accommodations which had been approved.

42. A university has an obligation to provide a reasonable accommodation requested by a student with disabilities and the failure to provide such accommodation constitutes a violation each time the student needs it.

43. Defendant has discriminated against Plaintiff in violation of the ADA by failing to accommodate him due to his disability and unlawfully terminating him from the program due to his disability in violation of Title 1 of the ADA, 42 U.S.C. § 12112(a) and (b).

44. Defendant had an affirmative obligation to engage Plaintiff in the interactive process to determine how he could continue to perform the essential functions of his education with or without a reasonable accommodation, which Defendant failed to do. Defendant refused to do this on multiple occasions.

45. The effect of the practices complained of above has deprived Plaintiff of equal educational opportunities and has adversely affected his status as a student because of disability, in violation of Title 1 of the ADA, 42 U.S.C. § 12112(a) and (b).

46. The unlawful employment practices complained of above were intentional.

47. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Plaintiff.

48. As a direct and proximate result of Defendant's discriminatory conduct based upon disability, Plaintiff has sustained economic and emotional damages as described below in paragraphs 59-61.

**VIOLATION OF THE REHABILITATION ACT**

49. Paragraphs 1 to 48 are realleged as though set out in full.

50. Section 794 of the Rehabilitation Act of 1973 states in relevant part:

> No otherwise qualified handicapped individual in the United States, as defined in section 706(7) of this title, shall, solely by reason of his handicap, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. 794 (1985).

51. Mr. Smith must prove, that (1) he was handicapped within the meaning of the Rehabilitation Act; (2) his educator is subject to the Rehabilitation Act and had notice of his handicap; (3) he was otherwise qualified to perform the essential functions of the educational program with reasonable accommodation; (4) his educator has refused to abide by such accommodations; and (5) the failure to accommodate his performance deficiencies, and the adverse educational action were connected.

52. Because of Defendant's failure to allow Plaintiff to use the reasonable accommodations which were approved, he was unlawfully terminated for alleged educational deficiencies.

53. Plaintiff is a handicapped person under the Rehabilitation Act. He was otherwise qualified to perform the educational requirements of the certified nurse anesthetist program, but he was discharged because of his handicap. The Defendant is a recipient of Federal financial assistance.

54. A handicapped or disabled person is otherwise qualified to participate in a program of study if he can meet the requirements with reasonable accommodation.

55. Postgraduate private schools are considered public accommodations. 42 U.S. C. § 12181(76)(J).

56. Mr. Smith was a handicapped individual within the meaning of the Rehabilitation Act, his educators had notice of his handicap. Mr. Smith was given accommodations which allowed him to perform the essential functions of the educational program, but his educators refused to abide by and enforce the accommodations, and, as a result, Mr. Smith was terminated from the program.

57. As approximate result of the illegal activity and adverse educational actions described in paragraph 56, Plaintiff was damaged as described in paragraphs 58-60.

**DAMAGES**

58. Without being terminated, Plaintiff would have continued his education with Defendant until graduation. Plaintiff's termination severely limited his future income earning capacity.

59. Plaintiff is entitled to an award of damages equal to the amount of lost educational costs actions taken against him, the fair market value of lost benefits which are no longer available to him at any cost, and the loss of future income-earning capacity.

60. Plaintiff is entitled to an award of prejudgment interest at the statutory rate computed from April 30, 2020 to the date of judgment and computed upon his lost educational costs.

61. As a direct and proximate result of the conduct of Defendant, Plaintiff has suffered anxiety and emotional distress due to his termination.

62. Plaintiff is entitled to an award of attorney's fees and costs, including expert witness fees, pursuant to 42 U.S.C. § 2000e-5(k), 29 U.S.C. § 2617(a)(3), and 42 U.S.C. § 12205.

WHEREFORE, Plaintiff prays judgment against said Defendant for:

1. Retaliation for engaging in a protected activity;
2. ADA disability discrimination;
3. Violation of the Rehabilitation Act;
4. For an award of damages for Plaintiff's lost future income-earning capacity;
5. For an award of actual damages including educational costs, prejudgment interest, and emotional distress; and
6. For actual attorney's fees and costs of this suit, and for such other and further relief as the Court deems just.

Dated this 25th day of January, 2022, at Sioux Falls, South Dakota.

HAGEN, WILKA & ARCHER, LLP

By *_/s/ Thomas K. Wilka_*

Thomas K. Wilka
Sara E. Schroeder
600 S. Main Avenue, Suite 102
P.O. Box 964
Sioux Falls, SD 57101-0964
(605)334-0005
*Attorneys for Plaintiff*

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES OF FACT AND DAMAGES ARISING HEREIN**

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SMITH, DANIEL

**(b)** County of Residence of First Listed Plaintiff: Minnehaha
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Thomas K. Wilka, Hagen, Wilka & Archer, 600 S. Main Avenue, Suite 102, Sioux Falls, SD 57104; 605-334-0005

## DEFENDANTS

MOUNT MARTY UNIVERSITY

County of Residence of First Listed Defendant: Minnehaha
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [X] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 12117(a) and 29 USC 701

Brief description of cause:
Educational discrimination based upon disability.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Unspecified

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ____________ DOCKET NUMBER ____________

DATE: Jan 25, 2022

SIGNATURE OF ATTORNEY OF RECORD: /s/ Thomas K. Wilka

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.